Ingraham, J. (dissenting).
It issettled in this state by the case of Olmsted v. Keyes, 85 N. Y. 600, that one to whom a policy of life insurance is payable or to whom such policy has been assigned, may with the consent of the insurer, deal with a valid life policy as he can with any other chose in action, selling it, assigning it, disposing of it and bequeathing it by will, except so far as such transfer is prohibited by statute.
It is also settled that chapter 80 of the Laws of 1840 as amended, prohibits the assignment of policies of insurance issued under the provisions of section 1, of that act except as such transfers are allowed by section 2 of the act, as amended by chapter 821 of the Laws of 1873. An assignment of such policy is therefore void unless made in compliance with the terms of the second section of that act. Barry v. Equitable Life Assurance Co., 59 N. Y. 592; Brummer v. Cohen, 6 Abbott’s N. C., 411.
A policy of insurance which insures the life of a married man for the benefit of his wife, or in case of her death before the decease of her husband, for the benefit of her children, is a policy issued under the provisions of section 1 of the act of 1840, and can only be assigned, or transferred as allowed by section 2 of the act.
The policies Exhibit A, New York Life Insurance Co. for $3,100, Exhibit C, Mutual Life Insurance Co. for $2,000, and Exhibit.E, Washington Life Insurance *313 Co. for $4,000, were plainly issued under the statute above named. The insurance is to be paid to the wife of the person whose life is assured, and the prohibition contained in the statute applies.
The power to assign these policies must be found, if it exists, in section 2 of the Act. That section provides that “ any such married woman may, in case she has no child born of her body, or any issue of any child or children born of her body, dispose of such policy.”
In order to make such assignment valid therefore, it must appear that such married woman to whom the policy was payable, at the time of the execution of the assignment had no child or children or issue of any child or children, and if such fact does not appear, the authority given by the section to make a transfer of the policies does not apply.
The fact that subsequent to the assignment of such a policy a child living at the time the assignment was executed, was dead, would not validate the assignment void when made. The ground upon which the prohibition has been applied is, “ That the act was special and peculiar, and looking to a provision for a state of widowhood and orphanage, and that it would be a violation of the spirit of the provision to hold that a wife insured under that act, could sell or traffic with her policy as though it was personal property or ordinary security for money. Barry v. Equitable Ass. Society (supra).
I think it would be as clearly opposed to the spirit of the statute to allow assignments or transfers to be made, the validity of which would depend upon the death of children of the person for whose benefit the policy was made, and the terms of the amendment of 1873, is explicit that a transfer can be made only in case there should be no child.
There is nothing in this case that would- estop the plaintiff from claiming that the assignments are void. It does not appear that defendant paid anything on the faith of the assignment of these policies after the death *314 of the child, or that he had suffered in any way by the failure of the plaintiff to sooner assert her claim.
I am of the opinion therefore that the assignments of policies marked Exhibits A., C. and E., were void, and that so far as the judgment directs the re-assignment of such policies to the plaintiff the judgment should be affirmed. As to the policy Exhibit B., it was issued by a Massachusetts corporation, dated at Boston, Massachusetts, payable at Boston, Massachusetts, and provides that the contract should be governed and construed by the laws of Massachusetts.
As to Exhibit D., the policy is made payable to R. A. Brick, the plaintiff’s husband, or his representatives. The policy is not payable to the plaintiff, and does not comply with the terms of the act of 1840.
It is clear that an assignment of that policy to the plaintiff by her husband, fraudulent as to creditors, would not be protected by the terms of the act of 1840.
It is very clear from this provision that this policy could not have been issued in compliance with the act of 1840, and thé prohibition contained in that act does not therefore apply. These policies therefore come under the rule as laid down in Olmsted v. Keyes (supra) and are assignable.
I am unable therefore to agree with the chief judge, that the assignment of all the policies^ was invalid.
The judgment should be reversed and a new trial ordered as to the two policies marked Exhibits B. and D., but the judgment should be affirmed as to the three policies, Exhibits A. C. and E.